UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAMUEL F. ALAMILLA, et al.,

    Plaintiffs,

v.

HAIN CELESTIAL GROUP, INC., et al.,

    Defendants.

Case No. 13-cv-05595-VC

**ORDER OF DISMISSAL WITH PREJUDICE**

Re: Dkt. Nos. 35, 37

Plaintiffs Samuel Alamilla and Colleen King bring this putative class action against Defendants Hain Celestial Group, Inc., BluePrint Wholesale LLC, and ZSBPW LLC, alleging the defendants' juice products were misleadingly labeled and advertised. The plaintiffs identify several allegedly misleading representations on the products' labels and on the defendants' website: that the juices are "100% Raw," "Raw and Organic," and/or "Unpasteurized"; that "cooking juice" (i.e., pasteurization) kills vitamins and enzymes; that "juice should never be cooked"; and that the defendants' juices are not cooked because they are treated with pressure, rather than heat.

The plaintiffs concede these representations are not literally false. (Opp'n 20). They acknowledge, for example, that "cooking" juice indeed deprives it of nutritional value and that the defendants do not pasteurize or otherwise "cook" their juice products. But the plaintiffs contend that just like pasteurization, the pressure treatment used by the defendants deprives juice of nutritional value, and that because the defendants do not disclose this, their representations about not cooking juice are misleading. Specifically, the complaint asserts that the effects of the pressure treatment "are similar to those of cooking and pasteurization, namely the destruction of vitamins, nutrients, live enzymes, nutritional value, and health benefits." (Compl. ¶ 4). The complaint also alleges that juice treated with pressure is "in fact, equivalent to . . . cooked juice" with respect to nutritional and health benefits (or lack thereof).

On their own, these allegations state a plausible claim that the defendants' representations

1 could lead a reasonable consumer to conclude incorrectly that pressure treatment does not deprive
2 juice of its nutritional value in the same way that pasteurization does.  But the complaint
3 incorporates by reference two articles that contradict this claim. In particular, the complaint quotes
4 and incorporates by reference an article that concludes that pressurization has "little or no effects
5 on nutritional and sensory quality aspects of foods."  Eamonn Hogan et al., *High Pressure*
6 *Processing of Foods: An Overview*, in *Emerging Technologies for Food Processing* 3, 27 (Da-
7 Wen Sun ed., 2005).  Although the plaintiffs did not include this conclusion (or the other
8 quotations from the articles cited in this order) in their complaint, the parties agreed at the hearing
9 that the plaintiffs have incorporated by reference the entire text of the articles they quote in their
10 complaint.

11       The plaintiffs argued at the hearing that the articles they cite do not in fact support this
12 conclusion.  To the contrary, both articles repeatedly make the point that pressurization has less
13 impact on nutritional value than pasteurization. *See, e.g.*, *id.* at 19 (noting that pressurization
14 "maintains the quality of fresh foods, with few direct effects on flavor and little effect on
15 nutritional quality"); *id.* at 26 ("A clear advantage of pressure treatment is . . . the stability of small
16 molecules, such as nutrients."); Margaret F. Patterson et al., *Introduction to High Pressure*
17 *Processing of Foods*, in *Emerging Technologies for Food Processing* 1, 9 (Christopher J. Doona et
18 al. eds., 2007) (explaining that foods treated with pressurization "retain more of their original fresh
19 taste, texture, and nutritional content such that these products are often superior in quality
20 compared to their thermal processing counterparts").  The articles the plaintiffs cite thus contradict
21 the allegation upon which their entire complaint hinges—namely, that pressure treatment deprives
22 juice of nutritional value to a similar degree as pasteurization.  Courts "need not accept as true
23 allegations contradicting documents that are referenced in the complaint." *Lazy Y Ranch LTD v.*
24 *Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  "A plaintiff can plead himself out of court by alleging
25 facts which show that he has no claim, even though he was not required to allege those facts." *See*
26 *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-989 (9th Cir. 2001) (internal quotation
27 marks omitted).

28       Accordingly, the complaint is dismissed with prejudice.

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: July 2, 2014

_____
VINCE CHHABRIA
United States District Judge